Mary B. Martin, Esq. #019196
Staff Attorney for Edward J. Maney,
Chapter 13 Trustee
101 N. First Ave., Suite 1775
Phoenix, Arizona 85003
Telephone: (602) 277-3776
Email: mary@maney13trustee.com

## IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>MARIE G. HANISH-WERNER,<br><br><br>Debtor. | In Proceedings Under Chapter 13<br><br>Case No. 2:23-bk-01692-MCW<br><br>**TRUSTEE'S OBJECTION TO DEBTOR'S CLAIMED EXEMPTION** |

     Edward J. Maney, Chapter 13 Trustee ("Trustee"), by and through counsel undersigned, and pursuant to Rule 4003(b), Federal Rules of Bankruptcy Procedure, submits his Objection to Debtor's claimed exemption under A.R.S. § 33-1126(A)(6) in a beneficial interest in insurance proceeds.

     Pursuant to Rule 4003(b)(1), an objection to exemptions is timely if it is filed within 30 days after the meeting of creditors held under 11 U.S.C. § 341(a) is concluded. Debtor's § 341(a) meeting of creditors was concluded on May 10, 2023, and Trustee files this timely objection to preserve the estate's claims. The Trustee's position is more thoroughly set forth in the following Memorandum of Points and Authorities

## MEMORANDUM OF POINTS AND AUTHORITIES

**I.    FACTS**

    1. On March 20, 2023, Marie G. Hanish-Werner ("Debtor") filed a petition for relief under Chapter 13, Title 11, United States Code.

    2. Edward J. Maney is the duly appointed Chapter 13 Trustee in this case.

    3. Debtor's Schedule A/B lists a beneficial interest in her deceased father's insurance. As indicated thereon, Debtor receives $5,026.00 per year. (DN 1). On Schedule C, Debtor claims

-1-

as exempt 100% of the fair market value of the insurance pursuant to A.R.S. § 33-1126(A)(6). (DN 1).

## II. DISCUSSION

A.R.S. § 33-1126(A)(6), provides as exempt the following:

> The cash surrender value of life insurance policies where for a continuous unexpired period of two years the policies have been **owned by a debtor**. The policy shall have named as beneficiary the debtor's surviving spouse, child, parent, brother or sister. The policy may have named as beneficiary any other family member who is a dependent, in the proportion that the policy names any such beneficiary, except that, subject to the statute of limitations, the amount of any premium that is recoverable or avoidable by a creditor pursuant to title 44, chapter 8, article 1, with interest thereon, is not exempt. The exemption provided by this paragraph does not apply to a claim for the payment of a debt of the insured or beneficiary that is secured by a pledge or assignment of the cash value of the insurance policy or the proceeds of the policy. For the purposes of this paragraph, "dependent" means a family member who is dependent on the insured debtor for not less than half support.

A.R.S. § 33-1126(A)(6) (emphasis added).

The plain language of the exemption Statute limits the application to the cash surrender value of policies owned by the debtor; and, naming as beneficiary, a dependent of the debtor as defined above. Trustee objects to the claimed exemption on the basis that the Statute does not apply to Debtor's interest in the proceeds from the decedent's insurance.

Trustee has requested documentation from Debtor to support the claimed exemption. To date, Debtor has failed to provide any documentation.

WHEREFORE, based on the foregoing, the Trustee requests that the Court enter an Order denying the claimed exemption.

Dated: See Electronic Signature.

EDWARD J. MANEY
CHAPTER 13 TRUSTEE

_____
Mary B. Martin, Esq. #019196
Staff Attorney for Edward J. Maney,
Chapter 13 Trustee

COPIES of the foregoing mailed See Electronic Signature:

Thomas A. McAvity, Esq.  Office of the U.S. Trustee
Phoenix Fresh Start Bankruptcy Attorneys  230 North First Ave., Suite 204
4131 Main Street  Phoenix, AZ 85003
Skokie, IL 60076-2780

Marie G. Hanish-Werner
4128 S. Ramona Street
Gilbert, AZ 85297

_____
Mary B. Martin

Case 2:23-bk-01692-MCW    Doc 15    Filed 06/06/23    Entered 06/06/23 05:18:47    Desc
Main Document    Page 3 of 3